■ ALVIN BENJAMIN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43437.) — AULISI, J. Appeal (1) from a judgment in favor of claimant, entered April 10, 1967, upon a decision of the Court of Claims, and (2) from an order of said court, entered July 24, 1967, which denied defendant's motion to amend said decision. Claimant's entire plot before the appropriation contained 176,793± square feet or 4.09 acres and had been assembled by him in 1962 at a cost of $127,000. At that time the parcel contained a residence and a post office building. A neighborhood shopping center and new post office were erected at a total cost of $383,113.77. On September 26, 1963, the State took title to 16,317 square feet of frontage which contained part of the old post office. Claimant demolished the latter building in November, 1963 and in October, 1964, he sold the entire remainder for $655,000. The appraisers and the Court of Claims agreed that the highest and best use of the property was its use on the day of the taking as a shopping center and supplemental post office, and that the land residual method of capitalizing income was a relevant approach. The Court of Claims selected the actual building cost and the capitalization rate from the testimony of claimant's expert and the income and expense figures of the State's appraiser to arrive at a before value of $744,824.77. Relying on the actual resale price of $655,000 as its after value, it found total damages of $89,824.77. This was divided into direct damages of $50,925.20 and consequential damages of $38,899.57 which was attributed to the loss of available front parking space. The State appeals from the award of damages for the appropriation. Despite its allegations to the contrary, it seems clear that the award was not based either on the capitalization of income from hypothetical structures (*Wer Realty* v. *State of New York*, 26 A D 2d 732, 733) or on the frustration of expansion possibilities (*Tobin Packing Co.* v. *State of New York*, 26 A D 2d 986, 987), which approaches appear to have been used by claimant's appraiser. The Court of Claims, however, adopted the income figures of the State's own expert witness who did not consider either factor. Likewise, it was not error to accept evidence of consequential damages due to the loss of a valuable parking area (*Tobin Packing Co.* v. *State of New York*,

*supra,* p. 987), instead of the testimony on alleged benefits accruing to the property. The State argues that although the findings are within the nominal range of testimony, they exceed the limits thereof when certain supposed errors are considered in connection with claimant's appraisal; but the court has relied directly on the expert testimony and has fully disclosed its calculations; and the result is supported by the evidence and by an adequate explanation (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 433.; *Spyros* v. *State of New York,* 25 A D 2d 696). Although allocation of direct damages to the cost of demolishing the old post office was technically improper because presumably this sum was also included in the building cost, it has no effect on the over-all award which was properly determined by subtracting after value from before value. The State's other contentions involve the usual diversity of expert opinion on the question of valuation and, since no error of law was committed, the award, which is based on relevant factors, should not be disturbed (*A. E. Ottaviano, Inc.* v. *State of New York,* 26 A D 2d 844). Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.